# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| MARQUISE BAILEY, | CV 23-08981 TJH |
| Plaintiff, | |
| v. | Order to Show Cause |
| O Connors Lakewood LLC, *et al.*, | |
| Defendants. | |

    The Complaint filed in this case alleged a claim for injunctive relief for an alleged violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12010-12213 ["ADA"], and a claim for damages pursuant to California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53 ["Unruh Act"].  It appears that the Court possesses only supplemental jurisdiction over the Unruh Act claim and any other state law claim that Plaintiff may have alleged, if any.  *See* 28 U.S.C. § 1367(a).

    Section 1367 "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'"  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350

(1988)).

Therefore, Plaintiff shall show cause, in writing, by **February 5, 2024**, as to why the Court should exercise supplemental jurisdiction over the Unruh Act claim and any other state law claims Plaintiff may have alleged, if any. *See* 28 U.S.C. § 1367(c).

In responding to this Order to Show Cause, Plaintiff shall identify the amount of statutory damages Plaintiff seeks to recover. Plaintiff and Plaintiff's counsel shall, also, support their responses to this Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant," as provided by California Civil Procedure Code §§ 425.55(b)(1) & (2).

Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the dismissal, without prejudice, of this entire case, or the Court declining to exercise supplemental jurisdiction over the Unruh Act and the other state law claims, if any, and the dismissal of the state law claims pursuant to 28 U.S.C. § 1367(c).

IT IS SO ORDERED.

Date: January 3, 2024

_____
Terry J. Hatter, Jr.
Senior United States District Judge